**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------------x
```

| | |
|---|---|
| UNITED STATES OF AMERICA <u>EX</u> <u>REL.</u>, | : |
| MERGENT SERVICES AND JOHN BAL, | : |
| | : |
| Plaintiffs, | : |
| | : |
| -against- | : |
| | : |
| MARIE FLAHERTY, | : |
| | : |
| Defendant. | : |

```
------------------------------------------------------------------------x
```

**05 CIV 4921  (HB)**

**<u>OPINION & ORDER</u>**

**Hon. HAROLD BAER, JR., District Judge:**[*]

> *Pro se* plaintiff John Bal ("Bal") brings this action on behalf of the United States, himself, and his company, Mergent Services ("Mergent"), under the *qui tam* provisions of the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*[1]  Plaintiff alleges, *inter alia*, that defendant Marie Flaherty ("Flaherty") defrauded the Federal Emergency Management Agency ("FEMA") by submitting two false receipts for reimbursement to the Individual and Family Grant program ("IFG").  IFG was a state program implemented after September 11, 2001 and designed to assist New York residents with "serious disaster-related needs not covered by insurance or other assistance programs," including the purchase of air purifying equipment.  (Compl., Ex. A).  The IFG program was funded in part by FEMA.

> In addition to the FCA claim, plaintiff asserts the following additional causes of action: defamation; a claim for "unconstitutional retaliation for filing a court action in small claims court"; and a claim based on the "defendant's deceitfulness in court proceedings [that] resulted in a decision unfavorable to [plaintiff] and caused an unconstitutional impediment to [plaintiff's] access to court."  (Compl. ¶¶ 31-63.)

---

[*] David S. Wenger, a fall 2005 intern in my Chambers and third-year law student at Fordham University School of Law, and Kurt J. Havens, a spring 2006 intern in my Chambers and second-year law student at New York Law School, provided substantial assistance in the research and drafting of this Opinion.
[1]  The United States declined to intervene in this action.  The Government did, however, file a *amicus* brief with this Court, addressing the applicability of the False Claims Act to the program at issue.

Defendant moves to dismiss[2] the FCA claim on, *inter alia*, the ground that plaintiff lacks standing, as a non-attorney, to bring a *qui tam* action on behalf of the United States. For the reasons set forth below, plaintiff's motion to dismiss is GRANTED.[3]

I. **BACKGROUND**

On May 23, 2005, plaintiff filed this complaint against defendant Flaherty under the *qui tam* provisions of the FCA. Plaintiff alleges that the defendant submitted false receipts to the IFG for the purchase of certain air purifying equipment from Mergent. (Compl. ¶¶ 18-22). Plaintiff alleges that Flaherty obtained the receipts by representing to him that she would pay for the equipment later. (Id.) Plaintiff further asserts that Flaherty never paid for the equipment, but rather fraudulently submitted the receipts to the IFG for reimbursement. (Id.) Plaintiff claims that he marked the receipts "paid," (see Compl., Ex. B), because Flaherty promised to "mail Mergent Services a check for her purchase." (Compl. ¶ 8). Plaintiff alleges that FEMA ultimately reimbursed defendant $1,750. (Compl. ¶¶ 18-22).

Prior to filing this action, plaintiff filed an action against Flaherty in the Small Claims Part of the Civil Court for New York County, alleging, *inter alia*, breach of contract and seeking damages stemming from this same transaction. See John Bal v. Marie Flaherty, No. 5599/03, 2004 N.Y. Misc. LEXIS 3090, *5 (Civ. Ct. N.Y. Cty July 16, 2004) *aff'd* 2005 N.Y. Misc. LEXIS 2602 (App. Term Nov. 21, 2005). After Bal failed to oppose Flaherty's motion to dismiss, the Small Claims court entered a default. Id. at *2-3. Bal moved to vacate the default, and the Small Claims Judge refused, finding that Bal's claims lacked merit because he was unable to show any damages stemming from defendant's conduct. Id. at * 5. In addition, based on Bal's history of filing multiple meritless actions in Small Claims court, the Small Claims Judge entered an Order requiring Bal to apply to the Special Term for permission before bringing any other Small Claims proceedings. Id. at * 6.[4] Before the Small Claims Part issued its decision, plaintiff filed another action against Flaherty in the Civil Court for breach of the same purported contract. The Civil Court action was also dismissed. See John Bal v. Marie Flaherty, No. 13547 CVN 2004 (Civ. Ct.

---

[2] Plaintiff refers to defendant's motion as a motion for "summary judgment." However, it is apparent from the face of Bal's complaint and the decisions in the related state court actions that this action must be dismissed.

[3] Defendant has cross-moved to strike certain portions of Bal's complaint. However, because the complaint is dismissed, there is no need to address defendant's motion to strike.

[4] Thereafter, the Small Claims Part denied Bal's motion to reconsider the July 16, 2004 decision. See John Bal v. Marie Flaherty, No. SC 5599/03 (Civ. Ct. N.Y. Cty Jan. 3, 2005).

N.Y. Cty Sept. 21, 2004).  In addition to these related cases, Flaherty cites scores of other *pro se* actions that Bal has filed in state and federal courts.  (Def.'s Mem. at 3 n.3).[5]

While, as set forth below, I decline to enter an Order prohibiting Bal from filing any additional *pro se* claims in this Court, I am sorely tempted to do so.  Furthermore, it is apparent that relations between Bal and this defendant have reached a level of extreme hostility.  At oral argument on this motion, the defendant requested leave to appear by telephone, professing fear and discomfort at the prospect of appearing in person with the plaintiff.  Bal, on the other hand, referred to the defendant as "delusional."  Certainly, what began as a dispute over an air purifier has devolved amidst insults and personal attacks.

## II.    DISCUSSION

### A.  The *Qui Tam* Claim

*Qui tam* actions allow private individuals, or relators, to bring suit to recover funds due the United States.  In return for bringing the claim, if there is a recovery the relator receives a share of the funds.  See United States ex rel. Doe v. John Doe Corp., 960 F.2d 318, 319 (2d Cir. 1992).  Although the relator is entitled to a share of the recovery, the United States remains at all times the "'real party in interest[,]' whether it [chooses to] interevene[] or not. . ." Rockefeller v. Westinghouse Elec. Co., 274 F. Supp. 2d 10, 16 (D.D.C. 2003) (quoting United States ex rel. Zissler v. Regents of Univ. of Minn., 154 F.3d 870, 872 (8th Cir. 1998)).  "Because the outcome of [a *qui tam* action] could have claim or issue-preclusive effect on the United States, 'the need for adequate legal representation on behalf of the United States is obviously essential.'" United States ex rel. v. Fisher v. Network Software Assocs., 377 F. Supp. 2d 195, 197 (D.D.C. 2005) (quoting Rockefeller, 274 F.Supp. 2d at 16) (finding that *pro se* relator could not pursue *qui tam* action without counsel).  In this sense, *qui tam* suits are analogous to class actions and shareholder derivative suits in that courts have required named plaintiffs suing on behalf of others to retain counsel.  See Phillips v. Tobin, 548 F.2d 408, 411 (2d Cir. 1976) (holding that *pro se* plaintiff cannot bring shareholder derivative suit).

In United States v. Onan, 190 F.2d 1 (8th Cir. 1951), the Eighth Circuit stated that "Congress could [not] have intended to authorize a lay[person] to carry on [a *qui tam*] suit [on behalf of] the

---

[5] Citations to "Def.'s Mem." refer to defendant's memorandum in support of the motion to dismiss dated September 7, 2005.

United States but[instead] must have [intended] that such a suit would be carried on in accordance with . . . established procedure[,] which requires that only one licensed to practice law may conduct proceedings in court for anyone other than himself." Onan, 190 F.2d at 6. More recently, in United States ex rel. Lu v. Ou, 368 F.3d 773, 775 (7th Cir. 2004), the Seventh Circuit concluded that "[a] rule that limits legal representation [in a *qui tam* action] . . . to lawyers operates to filter out frivolous litigation that can redound to the harm of the represented party. . ." See also Safir v. Blackwell, 579 F.2d 742, 745 n.4 (2d Cir. 1978) (noting in dicta Onan's requirement that a *pro se* litigant may not pursue a *qui tam* action without counsel).[6]

Plaintiff argues that, because the Government has declined to intervene in this action, he is not representing the interests of the United States. However, the United States remains the real party in interest in a *qui tam* action, with the very real prospect of issue preclusion, even after it has declined to intervene. United States ex rel. Kreindler & Kreindler v. United Techs. Corp., 985 F.2d 1148, 1154 (2d Cir. 1993).[7] Indeed, the need for adequate legal representation on behalf of the United States is most pronounced when, as here, a private relator is pursing a *qui tam* action in the Government's stead. Nor may Bal "bifurcate" the *qui tam* claim and pursue only his share of the recovery. See Rockefeller, 274 F. Supp. at 18 ("The idea that a relator can independently pursue what would amount to his or her personal part of a FCA lawsuit without affecting the United States' rights in the action is wholly inconsistent with the purpose behind the FCA.") Plaintiff is not an attorney and therefore is not qualified to represent the interests of the United States. Therefore, the FCA claim must be dismissed without prejudice.

## B. Retaliation

### 1. Title VII

Plaintiff also claims that the defendant "unconstitutionally retaliated against [him] for filing a Small Claims court action[,]" by causing his termination from the television show *Law & Order*. (Compl. ¶¶ 43-49). Both plaintiff and defendant were employed by *Law & Order*. (Id.) Interpreted

---

[6] But Cf. United States ex rel. Trice v. Westinghouse, 2000 WL 34024248, *11 (E.D. Wash. March 1, 2000) (finding that *pro se* relator may pursue *qui tam* action on behalf of United States).
[7] Bal also relies on a statement made by the Government in a letter to Bal dated August 30, 2005. (Plaintiff's Opposition to Defendant's Motion [to Dismiss] dated October 17, 2005 ("Pl.'s Opp"), Ex. 16). In that letter, the Government stated that the United States "is not a party" to this action. (Id.) However, that statement was made in response to a subpoena duces tecum issued by Bal to the Department of Homeland Security. It does not affect Kreindler's holding that the United States remains the real party in interest in a *qui tam* action even after the Government has declined to intervene.

liberally, as I must when the plaintiff is *pro se*, Bal appears to allege a claim for employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000 *et seq.*

In a Title VII retaliation case, plaintiff must allege that: 1) he engaged in protected activity; 2) his employer was aware of that activity; 3) his employer took adverse action against the plaintiff; and 4) a causal connection exists between the protected activity and the adverse action. See Quinn v. Green Tree Credit Corp., 159 F.3d 759, 769 (2d Cir. 1998). An employee engages in protected activity when he or she "oppose[s] any practice made an unlawful employment practice by [Title VII], or . . . [makes] a charge, testifie[s], assist[s], or participate[s] . . . in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). However, "[i]ndividuals are not subject to liability under Title VII." Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000). See also Tomka v. Seiler Corp., 66 F.3d 1295, 1313-17 (2d. Cir. 1995), abrogated on other grounds by Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998).

Here, plaintiff's claim is facially insufficient. Plaintiff fails to allege that he engaged in a protected activity under Title VII (plaintiff's Small Claims action against Flaherty can not qualify as a protected activity because it was unrelated to any employment practice) and his claim must fail as well because Flaherty was, at most, a co-worker and not an "employer-entit[y]" as required by Title VII. See Tomka, 66 F.3d at 1314.

### 2. Retaliation under the FCA

In his opposition brief, plaintiff alleges that he is asserting retaliation pursuant to the False Claims Act. (Pl.'s Opp. at 16).[8] Under this FCA, "any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole." 31 U.S.C. § 3730(h).

This claim fails for the same reasons that Bal's Title VII claim is deficient. Flaherty cannot be liable for retaliation under the FCA because she was not Bal's employer. See Yesudian ex rel. U.S. v. Howard University, 270 F.3d 969, 972 (D.C. Cir. 2001). In addition, the Small Claims

---

[8] Bal also states that his retaliation claim is not based on the New York Labor Law. (Pl.'s Opp. at 16).

action for breach of contract does not qualify as protected activity because it was not "in furtherance of [any *qui tam*] action" brought under the FCA.  31 U.S.C. § 3730(h).  Therefore, plaintiff's retaliation claim fails under the FCA as well.

## C. Due Process

Once again, in an effort to divine plaintiff's intention, he appears to allege that defendant violated his Due Process rights when, through "deceit and perjury," she secured an order in the Small Claims court barring Bal from bringing any further Small Claims actions without permission from the Special Term. (Compl. ¶ 51.)

In Hong Mai v. Doe, the Second Circuit affirmed an injunction entered in the district court barring plaintiff from filing additional actions without prior permission because she had filed numerous "vexatious, harassing or duplicative lawsuits." Hong Mai v. Doe, 406 F.3d 155, 158 (2d Cir. 2005).  Here, the Small Claims court noted that Bal's conduct appeared calculated to "oppress and harass" and noted that all of his recent Small Claims actions had been dismissed.  Bal v. Flaherty, 2004 N.Y. Misc. LEXIS 3090, at *13-14 (N.Y. Civ. Ct. July 16, 2004).  In denying Bal's motion to reconsider, the Small Claims court specifically rejected Bal's assertions that the court had been "'misled by Flaherty's misrepresentations.'"  Bal v. Flaherty, No. SC 5599/03 (Civ. Ct. N.Y. Cty Jan. 3, 2005), slip op. at 2.  A court "may impose sanctions, including restrictions on future access to the judicial system . . . [i]f a litigant has a history of filing vexatious, harassing or duplicative lawsuits."  Hong Mai, 406 F.3d at 158 (internal quotations omitted). Therefore, plaintiff's Due Process claim must be dismissed.

## D. Defamation

Bal alleges that defendant "maliciously defamed" him by making numerous false statements in support of her opposition to Bal's appeal from the Order of the Small Claims court, and in a letter to an arbitrator in connection with the Small Claims proceeding.  (Compl. ¶¶ 31-42).[9]  "Under New York law, '[i]n the context of a legal proceeding, statements by parties and their attorneys are absolutely privileged if, by any view or under any circumstances, they are pertinent to the litigation.'  O'Brien v. Alexander, 898 F. Supp. 162, 171 (S.D.N.Y. 1995) *aff'd in part* 101 F.3d

---

[9] Bal also cites numerous other allegedly false statements that Flaherty made in connection with the state court proceedings.  (Compl. ¶¶ 50-63).

1479 (2d Cir. 1996) (quoting <u>Grasso v. Mathew</u>, 164 A.D.2d 476, 564 N.Y.S.2d 576, 578 (3d Dep't 1991). Since the statements of which Bal complains were all related to the prior related litigation between Bal and Flaherty, Flaherty's statements are covered by this broad privilege.

### E. Defendant's Motion for Sanctions

Defendant seeks sanctions, including an injunction preventing Bal from filing additional actions, pursuant to the False Claims Act and Rule 11. The FCA allows courts to award a defendant her "reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." 31 U.S.C. § 3730(d)(4). While many of Bal's claims are patently meritless, the *qui tam* claim is not "clearly frivolous." Therefore, I decline to impose monetary sanctions on plaintiff. However, Bal may not institute any further actions against Flaherty in this Court without first obtaining my permission.

### III. CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is GRANTED and plaintiff's *qui tam* claim is dismissed without prejudice. Plaintiff's remaining claims are dismissed with prejudice. Plaintiff must obtain permission from me before filing any additional actions against the defendant in this Court. The Clerk of Court is directed to close this case and any open motions and to remove it from my docket.

**SO ORDERED.**

April *10*, 2006
New York, New York

Harold Baer
U.S.D.J.